**REMAND / JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6312-GW (MAAx) | Date | August 11, 2020 |
|---|---|---|---|
| Title | *Nicole Tucker, et al. v. FCA US, LLC, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**     **ORDER REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**

      FCA US LLC ("FCA") removed this action to this Court on July 16, 2020, asserting this Court's subject matter jurisdiction over this matter by way of the provisions for complete diversity present in 28 U.S.C. § 1332(a). This Court must *sua sponte* consider its own subject matter jurisdiction. *See, e.g.*, *Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015).

      Whether or not FCA is of diverse citizenship[1] from plaintiffs Nicole Tucker and Marques Tucker (collectively, "Plaintiffs"), FCA alleges in its Notice of Removal that its co-defendant, Cerritos Dodge Chrysler Jeep ("Cerritos"), is not. Cerritos and Plaintiffs are all alleged to be – at least[2] – citizens of

---

[1]FCA alleged its citizenship as if it were a corporation, *see* Notice of Removal ¶ 24, but it is a limited liability company whose citizenship relies on the citizenship of its members. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). This would have been reason enough for the Court to issue an order to show cause, though not one leading to a *sua sponte* remand, as is the end-result here. In addition, although this is a waivable procedural defect (that Plaintiffs had not yet waived), FCA did not indicate whether its co-defendant, Cerritos Dodge Chrysler Jeep had been served with the Complaint. *See Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999) ("Where fewer than all the defendants have joined in a removal action, the removing party has the burden under [28 U.S.C. §] 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal."). If it had been served at the time of removal, its joinder in the removal would have been necessary.

[2]FCA alleged that Cerritos was "organized . . . under the laws of the State of California." Notice of Removal ¶ 26. This would account for only one source of a corporation's dual-citizenship (assuming

                                                                                                                                                                                                             :

| | Initials of Preparer | JG |
|---|---|---|

**REMAND / JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6312-GW (MAAx) | Date | August 11, 2020 |
|---|---|---|---|
| Title | *Nicole Tucker, et al. v. FCA US, LLC, et al.* | | |

California. *See* Notice of Removal ¶¶ 23, 26. FCA simply argued that Cerritos has been fraudulently joined in this action.

Plaintiffs assert a single claim against Cerritos, their fifth cause of action, for breach of the implied warranty of merchantability pursuant to California Civil Code §§ 1791.1, 1794, and 1795.5. Plaintiffs allege Cerritos is "engaged in the business of selling automobiles and automobile components, and servicing and repairing automobiles," *see* Complaint ¶ 5, and that Cerritos leased them the 2019 Chrysler Pacifica that is at the heart of this action, *see id.* ¶ 8.

In its Notice of Removal, FCA asserts only that the allegations regarding Cerritos "are bare-boned, non-specific allegations" such that "it is evident these claims [*sic*] were only brought to defeat the claim of diversity and removal to Federal Court." Notice of Removal ¶¶ 27-28. In other words, FCA made no attempt whatsoever at satisfying the applicable onerous standard for demonstrating fraudulent joinder.

In the context of fraudulent joinder the failure to state a claim against a non-diverse defendant must be obvious according to the settled rules of California. *See McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). "[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009). "Fraudulent joinder must be proven by clear and convincing evidence," and "there is a general presumption against fraudulent joinder" such that a party invoking federal court jurisdiction under this theory bears a "heavy burden." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007); *Weeping Hollow Ave. Trust v. Spencer*, 831 F.3d 1110, 1113 (9th Cir. 2016). FCA has not even attempted to address this standard. Indeed, at least one other federal court has impliedly concluded that an implied warranty claim can be asserted against a dealership, *see Tanner v. Ford Motor Co.*, 424 F.Supp.3d 666, 670-72 (N.D. Cal. 2019), meaning that FCA effectively has no hope of satisfying this standard.

Instead, as noted above, FCA has simply bemoaned the lack of specificity or detail in what allegations there are against Cerritos in the Complaint. In *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543 (9th Cir. 2018), the Ninth Circuit clarified that an argument that a complaint's claims would not survive a Rule 12(b)(6) motion is not the equivalent of demonstrating fraudulent joinder. "If a defendant cannot withstand a Rule 12(b)(6) motion, the fraudulent [joinder] inquiry does not end there. For example, the district court must consider, as it did in this case, whether a deficiency

---

that Cerritos is, in fact, a corporation).

| | : |
|---|---|
| Initials of Preparer | JG |

**REMAND / JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6312-GW (MAAx) | Date | August 11, 2020 |
|---|---|---|---|
| Title | *Nicole Tucker, et al. v. FCA US, LLC, et al.* | | |

in the complaint can possibly be cured by granting the plaintiff leave to amend." *Grancare*, 889 F.3d at 550; *see also Corona v. Quad Graphics Printing Corp.*, 218 F.Supp.3d 1068, 1072 (C.D. Cal. 2016) ("'Even where presently deficiently pled, where Plaintiffs may amend that claim to cure any arguable defects, it may not be said that it is impossible for them to state a claim against [a non-diverse defendant].'") (quoting *Munoz v. Lab. Corp. of Am.*, No. CV 15-00902 GW, 2015 WL 4507104 (C.D. Cal. July 23, 2015)); *Rangel v. Bridgestone Retail Operations, LLC*, 200 F.Supp.3d 1024, 1034 (C.D. Cal. 2016) ("If there is a possibility that the plaintiff could amend his pleading to state a cause of action against the allegedly sham defendant, then remand is warranted."); *Hernandez v. Ignite Restaurant Grp., Inc.*, 917 F.Supp.2d 1086, 1090 (E.D. Cal. 2013) ("[R]emand must be granted unless Ignite demonstrates that Plaintiff 'would not be afforded leave to amend [her] complaint to cure [the] purported deficiency.'") (quoting *Burris v. AT & T Wireless, Inc.*, No. C 06-02904 JSW, 2006 WL 2038040, *2 (N.D. Cal. July 19, 2006)). Thus, even if the Court would agree with FCA's characterization of Plaintiffs' allegations directed at Cerritos, the Court would unquestionably afford Plaintiffs leave to amend to improve upon those allegations, if they could.

The Court concludes that FCA has not met the high standard of demonstrating the fraudulent joinder of Cerritos in this action. Lacking diversity of citizenship between Plaintiffs and Cerritos, the Court *sua sponte* remands this case for lack of subject matter jurisdiction. *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.* 336 F.3d 982, 985 (9th Cir. 2003) (providing a party with an opportunity to respond when a court dismisses a case is not necessary when dismissal is for lack of subject matter jurisdiction).

It is so ordered.

| | : | |
|---|---|---|
| Initials of Preparer | JG | |